### August Larson, Plaintiff in Error, v. City of Chicago et al., Defendants in Error.

### Gen. No. 21,565. (Not to be reported in full.)

Error to the Circuit Court of Cook county; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the February term, 1915. Affirmed. Opinion filed April 28, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Petition by August Larson, plaintiff, for a writ of mandamus against the City of Chicago, Carter H. Harrison, Mayor, and board of trustees of police pension fund of City of Chicago, defendants. The substance of the petition is set forth in the opinion of the Supreme Court transferring the cause to the Appellate Court, reported in 268 Ill. 61.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

It was stated in that opinion that the only real question is whether the facts well pleaded in the petition of plaintiff for a writ of mandamus—to which a general demurrer was sustained—against defendants, commanding them to enroll his name as one of the beneficiaries of the police pension fund of the City of Chicago, show that he was entitled at the time he made his application to receive such pension under and by virtue of the provisions of the act providing for such fund, approved April 29, 1887, and in force July 1, 1887.

The application for pension was predicated on section 4 of said Act (J. & A. ¶ 1878), which provides for retirement from the police force and a pension on account of physical disability received while in the service. It appeared from the petition that the application for such pension was not made to the board of trustees of said fund until after the petitioner's discharge from the police force.

A. B. CHILCOAT, for plaintiff in error.

JOHN W. BECKWITH, for defendants in error; JOSEPH F. GROSSMAN, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL CORPORATIONS, § 143*—*when application must be made for police pension.* An application for a pension under section 4 of the Pension Act (J. & A. ¶ 1878) must be made while the applicant is still a member of the police force, else a petition for a writ of mandamus to compel the granting of such pension will be obnoxious to a general demurrer.

2. MUNICIPAL CORPORATIONS, § 143*—*when reinstatement prerequisite to granting of pension.* Even though a member of the police force has been illegally retired, he cannot be granted a pen-

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

sion under section 4 of the Pension Act (J. &. A. ¶ 1878) until he has been reinstated by lawful authority.

3. MUNICIPAL CORPORATIONS, § 143*—*when pension board cannot reinstate discharged officer.* The police pension board has no power to reinstate a policeman even though his discharge was illegal.